Court of Appeals Cause No. _____

Trial Court Cause No. 2014-CI-12457

FILED
2015 FEB -6 PM 12: 39
IN THE COURT OF APPEALS
AT SAN ANTONIO TEXAS
KEITH E. HOTTLE, CLERK
Keith E. Hottle
4th Court of Appeals

| | | |
|---|---|---|
| John N Donohue | § | IN THE APPEALS DISTRICT |
| V | § | |
| San Antonio Police Department; | § | |
| San Antonio Chief of Police; | § | 4th Court of Appeals |
| Officer Leslie Dominguez; | § | |
| Officer Kevin Nakata; | § | |
| Defendants, Individually and in | § | |
| Their official Capacity | § | San Antonio, Texas |

### Notice of Interlocutory Appeal

To the Honorable Judge of said Court:

Comes Now, John N Donohue, Appellant, pro se, and files this Interlocutory Appeal to Motion to Dismiss, and will show the Honorable Court:

### I

Jurisdiction is conferred on This Court: (1) Under §51.014 (a)(8), Civil Practice + Remedies Code; (2) Trial Courts order is considered "Final" since Defendants were dismissed in their individual and official Capacity, with Prejudice; (3) There is no other recourse for pro se inmate litigant due to time constraints in the Rules of Civil Procedure, Local Rules of Court, which Doesn't allow the Court to Rule on Motions By Submission, and staff attorneys for Bexar County District Courts, who coordinate

(1)



court hearings that are conducted via telephone conference, and which require three weeks notice after all parties have been notified of hearings, to facilitate an appearance by the inmate litigant.

## II

This lawsuit is brought under Chapters 20, 22 and 39 of the Penal Code and Article 1, Sections 9, 13 and 19 of the Texas Constitution.

## III

Appellant filed suit against appellees individually and in their official capacity on August 7, 2014, alleging assault and false imprisonment, and later filed 2nd amendment, supplement #1 and supplement #2, with claims and allegations specific to Perla Dominguez and Kevin Nakata, respectively.

## IV

Appellant alleges that appellees, Perla Dominguez and Kevin Nakata, acted recklessly, with excessive force and conscious indifference to appellant's safety and wellbeing while illegally seizing and restraining appellant; they operated outside the scope of their employment and outside their official authority when they attacked appellant, without cause and unarmed, causing serious bodily injury, permanent scarring and resembling 2nd degree burns to forearms and wrists, pain and suffering, emotional distress and violations of appellee's rights under the Texas

(2)



Constitution.

## V

Appellee's claimed official immunity in their original answer and filed Motion to Dismiss under §101.106(f), Texas Tort Claims Act, Civil Practice & Remedies Code. The 57th Judicial District Court granted Appellee's Motion to Dismiss, with Prejudice, on January 8, 2015.

Appellant filed Notice of Appeal on February 1, 2015.

## VI

Official immunity is not presumed, it is an affirmative defense that must be conclusively proven. Henson v Jenkins, 363 SW 3d 818 (Tex. App.-Houston 2010). A defendant seeking affirmative defense of immunity must prove, without dispute and as a matter of law, that when the event occurred, he/she was: (1) performing a discretionary act requiring thought and deliberation, (2) acting in good faith and, (3) acting within the scope of their employment and that the general act from which the harm arose was in the accomplishment of the objective for which they were employed. See City of Lancaster v Chambers, 883 SW 2d 650, 653 (Tex 1994); Baten Springs v Austin, 315 SW 3d 219 (Tex App [Dist. 2] 2010)

## VII

Appellee's Motion to Dismiss is based on §101.106(f), Election of Remedies, subsection §101.106 (f), Civil Practice +

(3)



Remedies Code:

"If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee's and naming the governmental unit a defendant on or before the 30th day after the motion is filed."

VIII

A defendant is entitled to dismissal under §101.106(f) upon proof of the following:

(1) Suit is based on conduct within the scope of the defendant's employment with a governmental unit. Anderson v Bessman, 365 SW 3d 119, 124 (Tex. App. Houston [1st Dist.] 2011)

Appellant contends that appellee's conduct did not fall within the scope of their employment or authority, and although their actions were discretionary, they did not act in good faith as a matter of law, and the injury that was inflicted did not arise in the accomplishment of the objective for which they were employed:

(A) Perla Dominguez and Kevin Nakata state in their original answers that a person was engaged in a chase when first

(4)



ENCOUNTERED, BUT DID NOT DESCRIBE THE NATURE OF THE CRIME.

(b) Perla Dominguez, in her 1st set of interrogatories, states that appellant did not commit a crime.

(c) Appellee's did not arrest appellant for a crime or stop a disturbance. They did illegally seize and restrain appellant without cause.

(d) Appellee's inflicted serious bodily injury on appellant, requiring emergency medical treatment. However, appellee's denied appellant prompt medical attention by transporting appellant in Perla Dominguez's patrol car, rather than properly having EMS transport appellant. EMS was at the scene and able to "[A]dminister what ever initial aid they reasonably can and know how to do, and then take reasonable steps to place injured person in the hands of a competent physician" APPELBAUM V NEMEN, 678 SW 2d 533 (Tex. App.- Houston [1 Dist.] 1984) Appellee's deprived appellant of preliminary treatment that EMS provides while in route to the hospital by taking appellant in the patrol car.

(e) Appellee's did not file the proper report that they were summoned to compile and verify.

(f) Appellee's did not act in good faith. They used force when none was needed and to the excess that no reasonable person in appellee's position could have believed that the facts were such that their conduct was justified. When an officer exceeds the bounds of reasonableness, good faith cannot be shown and the officer will not enjoy immunity. Telthorster v

(5)



<u>TENNELL</u>, 92 SW 3d @ 488 (TEX 2002)

(9) APPELLEES USED EXCESSIVE FORCE IN VIOLATION OF APPELLANT'S RIGHTS UNDER ARTICLE 1, SECTION 9, 13 AND 19 OF THE TEXAS CONSTITUTION. APPELLEES ATTACKED APPELLANT IN A FIT OF RAGE ON APPELLANT'S PRIVATE PROPERTY CAUSING SERIOUS BODILY INJURY WHILE ILLEGALLY SEIZING APPELLANT. MUCH LIKE THE 4TH AMENDMENT TO THE US CONSTITUTION, ARTICLE 1, SECTION 9, PROTECTS THE INDIVIDUALS EXPECTATIONS THAT IN CERTAIN PLACES AND AT CERTAIN TIMES HE HAS THE RIGHT "TO BE LEFT ALONE" AND SECURE IN THEIR PERSONS FROM ILLEGAL SEIZURE (1987 DUKE LAW JOURNAL, 652, 658). ANY IMPLICATION OF PHYSICAL FORCE TO A CITIZEN WHICH HAS THE EFFECT OF DISABLING HIM PHYSICALLY TO ANY EXTENT IS A SEIZURE. ID WHEN AN INJURY OCCURS DUE TO THAT FORCE, IT IS EXCESSIVE IF IT IS UNNECESSARY, IF THE AMOUNT OF FORCE OUTWEIGHS THE NEED, AND IF THE FORCE WAS MALICIOUS FOR THE VERY INTENT OF CAUSING HARM. SEE ID. APPLICATION OF UNDUE FORCE BY LAW ENFORCEMENT OFFICER DEPRIVES A SUSPECT OF LIBERTY WITHOUT DUE PROCESS AND USE OF FORCE IS UNCONSTITUTIONALLY EXCESSIVE IF THE FORCE "SHOCKS THE CONSCIENCE." <u>JOHNSON V. GLICK</u>; <u>ROCHIN V. CALIFORNIA</u>. APPELLANT AND WITNESSES WERE SHOCKED.

IX

DEFENDANT IS ENTITLED TO DISMISSAL UNDER §101.106 (f) UPON PROOF OF THE FOLLOWING:

(2) SUIT COULD HAVE BEEN BROUGHT UNDER THIS CHAPTER AGAINST THE GOVERNMENTAL UNIT, I.E. 501 THE SUIT IS CONSIDERED TO BE AGAINST THE EMPLOYEE IN THE EMPLOYEES OFFICIAL CAPACITY

(6)



ONLY. See Anderson v. Bessman, 365 S.W. 3d 119, 124 (Tex. App.— Houston [1st Dist.] 2011, no pet.)

(a) This lawsuit is brought under the Penal Code and is not framed around the Texas Tort Claims Act (TTCA). Appellant has not claimed intentional torts or negligence. Appellant alleges criminal acts, of which a tort is not a crime. (9th ed. Black's Law Dict. @1626) [c]laims against a governmental entity that does not attempt to characterize those claims as coming within the scope of statute defining governmental liability is not a suit brought under the Texas Tort Claims Act and does not preclude a suit against an employee of the entity in his individual capacity for cause of action regarding the same subject matter. Mahoney v. City of Colleyville, 2 S.W. 3d 707 (Tex. App. [2 Dist.] 2006)

(b) This lawsuit could not have been brought against the governmental unit for the following reasons:

(i) §101.106(e) provides that the governmental employees, when sued, in conjunction with their employer, must be dismissed upon motion by the employer. There has been no such motion by the employer which might imply that the government entity would not consent to sue in §101.106(f).

(ii) The Texas Attorney General holds that the "could have been brought" condition can only refer to actionable claims for which the government has consented to be sued. Franka v. Velasquez, 332 S.W. 3d 367 (Tex 2011). "Anyone can physically file a claim against the government, but not every claim is actionable." Id. In order for the tort claims act's election

(7)



Of Remedies, §101.106, to apply, the Plaintiff's suit has to be one for which the Act actually waived immunity. Mission Consolidated ISD v Garcia, 253 SW 3d 653, 658 (Tex 2008) Dismissal under §101.106(f) must establish the government consent to be sued for the specific conduct at issue. If this cannot be established, then the government has not consented to suit, and the Plaintiff's claims against the employee individually must proceed. Franka @ 390

X

The Texas Tort Claims Act does not preclude a suit against an employee of the entity in his individual capacity or of action regarding the same subject matter. Mahoney v City of Colleyville, 200 3d 707 (Tex. App. 12 Dist 2006) The Act expressly provides that the remedies it provides are in addition to any other legal remedies. Franka @ 362. Appellee's have attempted to hide behind a cloak of privilege and immunity. However, in action of assault, assault and battery, and False Imprisonment, when arrest and detention are indicated, burden of proof shifts to the one seeking to justify such acts to show them as legal. Alamo Downs, Inc. v Busby, 126 SW 2d 733 (Tex. Civ. App. San Antonio 1937). The purpose of official immunity is to insulate the functioning of government from the harassment of litigation, not to protect erring officials. TDPS v Rodriguez, 344 SW 3d 483 (Tex. App. Houston 1 Dist 2011) Perla Dominguez and Kevin Nakata erred when they maliciously attacked Appellant.

15)



## XI

Although appellants lawsuit is not framed around the Texas Tort Claims Act, appellee's claim their actions fall within the statute defining liability. Among the elements that must be proven to show appellee's operated within the scope of their employment, their actions had to be intentional. §101.057, Civil Practice & Remedies Code, excludes claims arising out of intentional torts and §§ 101.021(1)(2), 101.022 waive immunity of a governmental unit for personal injury or property damage caused by: (1) the use of publicly owned automobiles, (2) a condition or use of tangible property, (3) premises defect or condition of real property. Appellant does not allege any of these elements, which precludes consent of governmental entity to be sued. Appellant alleges that appellee's assaulted appellant by recklessly causing bodily injury to appellant, the elements of assault are the same in both civil and criminal cases. *City of Watauga v Gordon*, 2014 WL 2535895 @³ (Tex 2014) A person commits an assault by: (1) intentionally, knowingly or recklessly causing injury to another ... (Penal Code). For appellant's to have their actions considered intentional and deemed to be intentional torts, they must prove intent as defined in Restatement (Second) of Torts: "that the actor desires to cause consequences of his acts, or that he believes that the consequences are a substantially certain result of it." *Dubois v City of Winnsboro*, 35 SW 3d 317. An intentional tort is the specific intent to inflict injury. Id @ 317. Even if the actor intended his actions, if he did not intend the injury, it is not an

(9)



INTENTIONAL TORT. ID @ 324. Moreover, if Appellant alleges use of force, the officers conduct is not privileged, as a matter of law. Titthersley @ 457 (Tex 2006)

XII

Appellee's were dismissed without providing any proof to support their claims, with prejudice. A dismissal with prejudice constitutes an adjudication on the merits THOMAS V KNIGHT, 52 SW 3d 292 (Tex App - Corpus Christi 2001) A trial court is not permitted to dismiss employee's from a suit under §101.106 (f) if a fact issue exists with regard to whether the governmental unit's immunity is waived. FRANKA @ 364.

XIII

By dismissing the case so early in the proceedings, the court denied discovery, thus depriving Appellant from obtaining documents, witness statements and hospital records necessary to support Appellant's allegations. The purpose of discovery is to "seek" the truth, so that disputes can be decided by what the facts reveal, not by what facts are concealed. Trimble & Jowell, 673 SW 2d 569, 573 (Tex 1994). Discovery provides parties with notice of intent to present and prevents trial by ambush. Best Indus. Uniforms & Gulf Coast Alley, 41 3d 145 (Tex Amarillo 2014) Appellant contends he was "ambushed" and that the trial court abused its discretion by granting Appellee's Motion to Dismiss.

(cont)

(19)



## PRAYER

WHEREFORE, PREMISES CONSIDERED, APPELLANT RESPECTFULLY PRAYS THAT THE HONORABLE COURT WILL CONSIDER AND REVERSE MOTION TO DISMISS AND REMAND THIS CASE FOR FURTHER PROCEEDINGS.

RESPECTFULLY SUBMITTED,

*John M. Donohue, PRO SE*

APPELLANT

JOHN M. DONOHUE

DUNCAN UNIT 1895073

1502 SOUTH 1ST ST

DIBOLL, TX 75941

## VERIFICATION

I, JOHN M. DONOHUE, UNDER PENALTY OF PERJURY, VERIFY AND DECLARE THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON THIS THE 31ST DAY OF JANUARY, 2015

## CERTIFICATE OF SERVICE

I, JOHN M. DONOHUE, CERTIFY THAT THE FOREGOING WAS SENT VIA 1ST CLASS US MAIL ON FEBRUARY 1, 2015, TO:

FITZPATRICK & KOSANOVICH, P.C.

MARK KOSANOVICH

P.O. BOX 831121

SAN ANTONIO, TX 78283-1121

*John M. Donohue*

